UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUIS TYLER LATSON,<br>　　　　　Plaintiff,<br>　　v.<br>NANCY A BERRYHILL,<br>　　　　　Defendant. | Case No. 3:17-cv-01109-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br>Re: Dkt. No. 16 |

Plaintiff Latson challenges a decision by an administrative law judge ("ALJ") at the Social Security Administration ("SSA") finding that plaintiff is ineligible for supplemental security income based on adult disability as of August 1, 2013. The parties have filed cross-motions for summary judgment. Dkt. Nos. 16, 18. Plaintiff's motion is granted, and the Court remands the case to the SSA for an award of benefits. Defendant's motion is denied.

Latson is eligible for disability benefits if he meets one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. 20 CFR § 416.902(d). At the time the ALJ issued her decision in November 2015, Listing 12.05C for intellectual disability imposed (1) an IQ requirement and (2) an impairment requirement. It provided that the required level of severity for intellectual disability is met when a claimant has a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.05C (effective August 12, 2015 to May 23, 2016).

The ALJ found that plaintiff did not satisfy Listing 12.05C "because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." AR 25.

The ALJ necessary concluded that plaintiff failed to satisfy the IQ requirement, since the ALJ found that plaintiff has borderline intellectual functioning and asthma as severe impairments that cause significant limitations in his ability to perform basic work activities, pursuant to 20 C.F.R. Section 416.920(c). AR 23. A finding that an impairment is severe under Section 416.920(c) also establishes that the impairment imposes a significant work-related limitation of function as specified in Listing 12.05C. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00(A) ("we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, i.e., is a 'severe' impairment(s), as defined in §§ 404.1520(c) and 416.920(c)").

The ALJ acknowledged that psychological consultative examiner Dr. April Young examined plaintiff on June 11, 2013 and measured his full scale IQ to be 67 on the Wechsler Adult Intelligence Scale (Fourth Edition). AR 27; AR 282-85. The ALJ did not identify any circumstances indicating that the IQ test was unreliably administered. Even so, the ALJ appeared to find that the full scale IQ score of 67 was not valid since Dr. Young's assessment "represents a snapshot in time" and since, according to State agency reviewing psychiatrist Dr. L. Colsky, "claimant's IQ scores (full scale IQ of 67) were not consistent with his history and ability to function." AR 28; AR 300.

The ALJ committed reversible error because there is no substantial evidence in the record to support invalidating the results of the IQ tests administered by Dr. Young. The ALJ cited factors such as plaintiff's consistent school attendance, his work as a school maintenance helper who "picked up trash, [and] cleaned bathrooms," and his ability to perform "simple, routine tasks," but those factors have unknown or, at best, unquantified relationships to an individual's IQ score. AR 28. At no point did the ALJ explain the significance of a 70-point IQ threshold or why plaintiff's history showed that plaintiff's tested IQ score of 67 was off by at least 3 points. Dr. Colsky's report was not substantial evidence on which the IQ score could be properly disregarded, since Dr. Colsky did not examine the patient, and his report was cursory and offered only a vague overview of plaintiff's history. *See* 20 C.F.R. § 416.927; AR 300 ("Doing well in gen ed class - working hard. Filling out resume and job apps.").

As the Commissioner's summary judgment motion recognizes, plaintiff is eligible for disability benefits if he satisfies Listing 12.05C, regardless of his age, education, or work experience. 20 C.F.R. § 416.925. The record before the Court establishes that plaintiff (1) has a valid full scale IQ between 60 and 70 and (2) has severe additional impairments, and the ALJ's determination otherwise is not supported by substantial evidence. Because "the record is fully developed and it is clear from the record that the ALJ would be required to award benefits," the Court remands to the ALJ for an award of benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

**IT IS SO ORDERED.**

Dated: July 5, 2018

JAMES DONATO
United States District Judge